<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
(Filed: December 17, 2025)

* * * * * * * * * * * * *
LARRY J. PARKER,                *
                               *        No. 20-411V
          Petitioner,           *
                               *        Special Master Dorsey
v.                              *
                               *        Attorneys' Fees and Costs
                               *
SECRETARY OF HEALTH             *
AND HUMAN SERVICES,             *
                               *
          Respondent.           *
* * * * * * * * * * * * *

Brett Slavicek, Brett L Slavicek PC, Phoenix, AZ, for petitioner.
Lynn Christina Schlie, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 9, 2020, Larry J. Parker ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as the result of a pneumococcal conjugate ("Prevnar 13") vaccination he received on April 4, 2017. Petition at Preamble, ¶ 24 (ECF No. 1); Amended ("Am.") Petition at Preamble, ¶ 24 (ECF No. 12). On March 11, 2025, respondent filed a proffer, which the undersigned adopted as her decision awarding compensation on March 12, 2025. (ECF No. 122).

On June 3, 2025, petitioner filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 127). Petitioner requests compensation in the amount of

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

$176,780.68, representing $146,147.40 in attorneys' fees and $30,633.28 in costs. Fees App. at 7. Pursuant to General Order No. 9, petitioner warrants that he has not incurred any costs in pursuit of this claim. Fees App. Ex. E. Respondent filed his response on June 4, 2025, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 98). Petitioner did not file a reply.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $169,890.88.**

### I.    Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees  and costs "if the special master or court determines that the petition was brought in good faith  and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1).  In this case, because petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.

#### a.  Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

#### i.  Reasonable Hourly Rates

2

Petitioner requests the following hourly rates for the work of his counsel:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|
| Brett Slavicek, Esq. | $383 | $419 | $448 | $467 | $491 | $507 | $534 | $563 | $606 |
| James Fucetola, Esq. | - | - | - | - | - | $485 | - | - | - |
| Teague Lashnits, Esq. | $315 | $333 | $348 | $371 | $400 | $421 | $453 | $499 | $528 |
| Tracy O'Brien | - | - | - | - | - | - | $170 | $185 | $200 |

It appears that this is Mr. Slavicek's first case in the Vaccine Program, and therefore the Court has not previously had an opportunity to assess the reasonableness of Mr. Slavicek's, or his associates', hourly rates.

To be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the USCFC. *Underwood v. Sec'y of Health & Human Servs.*, No. 00–357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). In cases where counsel is not a member of the USCFC bar, special masters have typically compensated counsel at paralegal/clerical rates. *See Kafer v. Sec'y of Health & Human Servs.*, No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); *Hasanovic v. Sec'y of Health & Human Servs.*, No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); *Byrd v. Sec'y of Health & Human Servs.*, No. 20-1476V, 2023 WL 8948076, at *4 (Fed. Cl. Spec. Mstr. Sept. 8, 2023); *Schmidt v. Sec'y of Health & Human Servs.*, No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).[3]

Some rates billed by Mr. Slavicek, his associates, and paralegal requires adjustment.

Attorney Slavicek, Attorney Fucetola, and Attorney Lashnits all have significant experience practicing law, but they are both new to the Vaccine Program. To determine a reasonable hourly rate, the undersigned can look at the OSM Forum Hourly Rate Fee Schedule[4] and what other attorneys with similar experience have been awarded to determine the reasonableness of their requested rates. Attorney Slavicek has been a licensed attorney since 1998, placing him in the range of attorneys with 11-19 years of experience in 2017, and 20-30 years of experience from 2018-2025. Attorney Fucetola was barred in 2005, giving him between 12 and 20 years of experience during this case. Attorney Lashnits has been a licensed attorney since 2005, placing him in the range of attorneys with 11-19 years of experience from 2017-2024, and 20-30 years of experience

---

[3] The undersigned notes that none of Mr. Slavicek's associates who billed time in this case have been admitted to the USCFC bar. Nevertheless, the undersigned will not reduce any of the rates billed by those associates in the present matter. In the future, Counsel is cautioned that rates may be reduced if the associates are not admitted to the USCFC bar when the work is performed.

[4] OSM Attorneys' Forum Hourly Rate Fee Schedules, https:// https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (last visited December 8, 2025).

in 2025. Because of their minimal vaccine experience and in accordance with the OSM Forum Hourly Rate Fee Schedule, the undersigned finds caused to reduce Attorney Slavicek's hourly rates for 2017-2025, Attorney Fucetola's rate for 2022, and Attorney Lashnits's rates for 2020-2025 as follows:

|  | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 | 2025 |
|---|---|---|---|---|---|---|---|---|---|
| Brett Slavicek, Esq. | $350 | $375 | $385 | $405 | $430 | $450 | $480 | $515 | $560 |
| James Fucetola, Esq. | - | - | - | - | - | $445 | - | - | - |
| Teague Lashnits, Esq. | $315 | $333 | $348 | $360 | $380 | $400 | $430 | $475 | $515 |
| Tracy O'Brien | - | - | - | - | - | - | $170 | $185 | $200 |

This results in a reduction of **$6,689.80**.[5]

### ii.      Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. The billing entries accurately reflect the nature of the work performed and the undersigned does not find any of the entries to be objectionable. Respondent also has not indicated that he finds any of the entries to be objectionable either. Petitioner is therefore awarded final attorneys' fees of $139,457.60.

---

[5] **Attorney Slavicek:** (0.9 hrs. x ($383.00 - $350.00)) + (0.5 hrs. x ($419.00 - $375.00)) + (0.1 hrs. x ($448.00 - $385.00)) + (4.6 hrs. x ($467.00 – $405.00)) + (3.0 hrs. x ($491.00 -$430.00)) + (8.6 hrs. x ($507.00 -$450.00)) + (1.6 hrs. x ($534.00 -$480.00)) + (4.6 hrs. x ($563.00 -$515.00)) + (0.9 hrs. x ($606.00 -$560.00)) = **$1,365.00**.

**Attorney Fucetola:** 4.1 hrs. x ($485.00 - $445.00) = **$164.00**.

**Attorney Lashnits:** (86.9 hrs. x ($371.00 – $360.00)) + (48.8 hrs. x ($400.00 -$380.00)) + (61.4 hrs. x ($421.00 - $400.00)) + (23.5 hrs. x ($453.00 -$430.00)) + (53.2 hrs. x ($499.00 -$475.00)) + (9.4 hrs. x ($528.00 -$515.00)) = **$5,160.80**.

### b.  Attorneys' Costs

Petitioner requests a total of $30,633.28 in attorneys' costs. This amount is comprised of acquiring medical records, postage, legal research, and the following expert services: $750.00 for an expert report by Matt Hummel, M.D., James Frey, M.D. for 6.4 hours, at $500.00 per hour, totaling $3,200; M. Eric Gershwin, M.D. for 37 hours, at $500.00 per hour, totaling $18,750; and vocational expert, Ms. Staci Schonbrun at Labor Market Consulting Services for 20.1 hours, at $200.00 per hour, totaling $4,020.00. See Fees App. at 5-6; Exs. F-J.

The undersigned has reviewed the costs and finds them to be largely reasonable; however, a small reduction is required. Ms. Schonbrun billed $200.00 to "Open File." See Fees App. Ex. B at 56. Ms. Schonbrun provided a billing addendum defining "Open File" as "Time spent to set up a new file including opening and downloading records, setting up a working file, and organizing all records sent prior to their review. Fees App. Ex. J at 5. "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Paul v. Sec'y of Health & Human Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates"). Like attorneys' fees, expert billing for clerical and other secretarial work is also not permitted. Special Masters have previously deducted from attorneys' costs for expert billing entries deemed to be unsubstantiated or administrative in nature. See, e.g., Schettl v. Sec'y of Health & Human Servs., No. 14-422V, 2022 WL 2912666, at * 4 (Fed. Cl. Spec. Mstr. June 30, 2022) (deducting a $400.00 "File set up fee" from the life care planner's costs); Matnzer v. Sec'y of Health & Human Servs., No. 22-323V, 2025 WL 1453581, at *3 (Fed. Cl. Spec. Mstr. Mar. 27, 2025) (finding that the vocational expert's charge for "Open File" had not been substantiated); Nosches v. Sec'y of Health & Human Servs., No. 16-1657V, 2019 WL 1149944, at *3 (Fed. Cl. Spec. Mstr. Feb. 26, 2019) (finding that there was insufficient information to establish the purpose and reasonableness of a $400.00 "File set up fee"). This results in a reduction of **$200.00**. Petitioner is therefore awarded final attorneys' costs of $30,433.28.

## II.    Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $146,147.40 |
| (Total Reduction from Billing Hours) | ($6,689.80) |
| **Total Attorneys' Fees Awarded** | **$139,457.60** |
| | |
| Attorneys' Costs Requested | $30,633.28 |
| (Reduction of Costs) | ($200.00) |
| **Total Attorneys' Costs Awarded** | **$30,433.28** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$169,890.88** |

5

**Accordingly, the undersigned awards $169,890.88 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.